IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Paul Thomason, Jr., #99007-071, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>)<br>M.M. Mitchell, Warden of )<br>FCI-Edgefield, )<br>)<br>Respondent. )<br>_____ ) | Civil Action No. 3:10-51-JFA -JRM<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, Paul Thomason, Jr. ("Thomason"), is an inmate at FCI-Edgefield serving a sentence of 108 months imprisonment imposed by the Honorable Henry M. Herlong, Jr., Senior United States District Judge for the District of South Carolina. On January 14, 2010, the Court received a "Motion to Compel Record Office to Restore Good Conduct Credit Forthwith" directed to Judge Herlong. The motion was construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 since it challenged the sentence computation by the Federal Bureau of Prisons ("BOP"), and it was assigned to the Honorable Joseph F. Anderson, Jr., United States District Judge.[1] A § 2241 form was sent to Thomason which he completed and filed and returned on February 17, 2010. Respondent, the Warden of FCI-Edgefield, filed a motion to dismiss or in the alternative for

---

[1] The case was originally assigned to United States Magistrate Judge William M. Catoe for pretrial purposes pursuant to Local Rule 73.02(B)(2)(c) and (e) and later reassigned to the undersigned.

1

summary judgment, on April 19, 2010. Because Thomason is *pro se*, an order pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975) was entered on April 20, 2010, explaining to him of his responsibility to respond to the Respondent's motion. Thomason filed an opposition response on April 23, 2010. Respondent filed a reply on April 26, 2010, to which Thomason filed an additional response on April 30, 2010.

## **FACTS**

The record reveals the following facts:

1. Thomason and a co-defendant were arrested by local authorities on July 10, 2002 for attempting to rob a credit union in Greenville County. On the next day, July 11, 2002, a federal arrest warrant was issued. *See* <u>United States v. Thomason</u>, C/A No. 6:02-601-HMH

2. A writ of habeas corpus ad prosequendum was issued to bring Thomason into federal court. The federal arrest warrant was served on Thomason and he made his initial appearance on July 12, 2002.

3. Thomason was arraigned on the federal indictment on August 8, 2002.

4. Thomason pled guilty to the federal charge on October 3, 2002, and was returned to state custody pending sentencing.

5. On October 30, 2002, Thomason was charged with "Exposure of Private Parts in a Lewd and Lascivious Manner" in violation of S.C. Code Ann. § 16-15-365.

6. On November 8, 2002, a writ of habeas corpus ad testificandum was issued for Thomason to testify at the trial of his co-defendant.

7. On January 21, 2003, Thomason was sentenced to 108 months in federal custody by

Judge Herlong.

8. On April 28, 2003, Thomason was sentenced to 182 days in state court concurrent with his federal sentence. He was given credit for 182 days "time served."

9. The state charges concerning the attempted bank robbery were dismissed on May 2, 2003. (Sandra Lathrop Aff., ¶ 10).

10. Thomason was released to BOP through the United States Marshal's Service on July 21, 2003.

11. BOP initially computed Thomason's sentence on October 13, 2003 (*Id.,* Attachment C). BOP determined that Thomason's 108 month sentence began on January 21, 2003 (the date he was sentenced by Judge Herlong). He was given credit for 195 days of prior custody credit. At that time (i.e., October 13, 2003), Thomason had earned 54 days of Good Credit Time ("GTC"). Based on a projected total of 423 days of GTC, BOP established a projected satisfaction date (i.e., release) of May 12, 2010.

12. An audit of Thomason's sentence was done on April 22, 2009. BOP concluded that Thomason was not entitled to the 182 days he had spent serving the state sentence. "The jail credit was amended to reflect an award from July 10, 2002 (day of arrest), through October 28, 2002 (day before 182 days state sentence commenced), a total of 111 days" prior custody credit. (Lathrop Aff., ¶ 14). This altered the number of GTCs Thomason was projected to earn and resulted in a projected release date of December 1, 2010. (*Id.*).

## DISCUSSION

Thomason asserts that BOP's recalculation of his release date resulted in prior custody

3

credits and GTCs being improperly taken from him. This is somewhat of a misstatement as Lathrop's affidavit makes clear that no earned GTCs were ever taken from Thomason. (Lathrop Aff., ¶ 16). The issue is whether the re-computation resulted in the correct release date. Respondent argues that it is entitled to dismissal because Thomason has not properly exhausted his administrative remedies. Alternatively, Respondent contends that Thomason is not entitled to relief since the re-computation of Thomason's sentence resulted in the correct release date being established.

### 1. Exhaustion

Generally, a habeas petitioner must present his claims to an appropriate forum before filing his petition in this court. This requirement of exhaustion is largely unavoidable. Ex parte Hawk, 321 U.S. 114, 117 (1944). A state prisoner is required to present his federal constitutional claims to the state courts before seeking relief in this court. *See* 28 U.S.C. § 2254(b)(1)(A) and Rose v. Lundy, 455 U.S. 509, 515 (1982). On the other hand, a federal prisoner must completely exhaust the Administrative Remedy Program created by BOP regulations. 28 C.F.R. § 542.10, *et seq*. This program was created "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a).

The Administrative Remedy Program requires several steps. Prior to initiating a formal review, the inmate must attempt to informally resolve his concern with institutional staff by using a "Request for Administrative Remedy." 28 C.F.R. 542.13(a). Assuming the concern is unresolved informally, the inmate must file "a formal written Administrative Remedy Request, on appropriate form (BP-9)" within twenty days of the "basis for the Request occurred." 28 C.F.R. § 542.14(a). The Warden of the institution must respond to the request. "An inmate who is not satisfied with the

Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." 28 C.F.R. § 542.15(a).

Since the requirement that an inmate exhaust the BOP administrative exhaustion requirement is judicially imposed, courts have waived it in some cases. The Fourth Circuit has not directly addressed the issue. The Second Circuit has held that exhaustion is properly waived when "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." Beharry v. Ashcroft, 392 F.3d 51, 62 (2d Cir.2003) (citations omitted). Courts frequently allow the futility exception where the inmate is challenging the validity of a BOP regulation rather than its application. Boston v. Bauknecht, 2007 WL 3119482, *4 (D.S.C.) citing Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 239 n. 2 (3rd Cir.2005).

The affidavit of Roy Lathrop, BOP Paralegal Specialist, clearly shows that Thomason has not exhausted his claim through the administrative process. Thomason's appeal from the Warden's determination at the Regional level was rejected because he did not provide proof of exhaustion at the institutional level. Thomason's refiled appeal was rejected as untimely. Thomason has made no attempt to file at the Central Office, i.e., the last step of the process.

It is therefore, recommended that Thomason's petition be dismissed for failure to exhaust his administrative remedies.

### 2. Computation

Respondent also asserts that it is entitled to summary judgment because the re-computation resulted in establishing the correct release date.

The Attorney General of the United States, through BOP, maintains custody of federal prisoners. The Attorney General, therefore, is responsible for determining the beginning date of custody and calculation of a release date. This includes the application of federal statutes relating to credit for time spent in custody prior to the commencement of the federal sentence. United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992).

Before 1987, 18 U.S.C. § 3568 effected the Attorney General's calculation. The statute read in part:

> The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offenses or acts for which sentence was imposed.

The Sentencing Reform Act of 1984, which became effective in 1987, recodified and rewrote § 3568 into 18 U.S.C. § 3585(b). The current provision states in part:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

The statute as rewritten precludes a defendant from receiving "a double credit for his detention time." Wilson, 530 U.S. at 337.

In performing its recalculation, BOP began with establishing the commencement date of Thomason's federal sentence, January 21, 2003, i.e., the date it was imposed. It is axiomatic that

6

a federal sentence cannot commence before it is imposed. Long v. Bauknecht, 2007 W.L. 1662638 *3, citing United States v. Walker, 98 F.3d 944, 945-946 (7th Cir. 1996). Next, BOP gave Thomason prior custody credit for all time prior to sentencing except the 182 days which was charged against his state sentence. Thomason's primary argument is that he is entitled to credit against the federal sentence for the 182 day state sentence because the state judge ordered that the sentence was to run concurrent with his federal sentence. However, a state judge does not have the authority to dictate to BOP how it should calculate a prisoner's sentence pursuant to federal law and BOP's policies. BOP dutifully applied § 3585(b) on recalculation of Thomason's sentence. He is not entitled to credit for the 182 days sentence, despite the fact that the state judge ordered it to be concurrent.[2]

## CONCLUSION

After reviewing the record, it is recommended that Respondent's motion to dismiss, or in the alternative for summary judgment, be **granted** and petitioner's motion for immediate release be **denied**.

_____
Joseph R. McCrorey
United States Magistrate Judge

October 5, 2010
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

---

[2]Thomason also sought relief by seeking a *nunc pro tunc* designation of the state facility to begin serving his federal sentence pursuant to 18 U.S.C. § 3621(b). BOP contacted Judge Herlong who responded with a letter dated June 30, 2010. BOP then applied the § 3621 factors and denied *nunc pro tunc* designation. *See* "Status Report on Respondent's Determination of a Nunc Pro Tunc Designation" filed August 5, 2010. The appropriateness of that decision is not the subject of this action.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).